### 2855. JOHNSON *v.* PAPPA.

The only issuable question of fact was fairly submitted to the jury, and their finding is fully authorized by the evidence.

DECIDED SEPTEMBER 11, 1911.

Complaint; from city court of Atlanta—Judge Calhoun. June 22, 1910.

*Dorsey, Brewster, Howell & Heyman,* for plaintiff.

*Westmoreland Brothers,* for defendant.

RUSSELL, J. Miss Johnson sued Pappa, alleging that when she was a minor she paid over to him $600 on the purchase price of a parcel of land, and that on or before her arrival at majority she repudiated the transaction. The suit was for the recovery of the sum so paid. At the trial it developed that she had not paid the money personally; it was paid over by an attorney of her mother. The plaintiff set up that while her mother had paid over the money,

or had caused it to be paid over, it was money of hers (the plaintiff's) ; that her father had died a few years before, leaving some property and some money; that the mother had taken a portion of the money and invested it in a stock of goods and in certain furniture; that the goods and furniture had been destroyed by fire, and that the money paid over to the defendant had been collected on the insurance policy; that it had been agreed between the mother and the children, some of whom, including the plaintiff, were still minors, that the plaintiff might have $600 of this money as her part of her father's estate; and that the mother, in causing the attorney to pay over the money to the defendant, was paying it over for and on behalf of the plaintiff. The defendant set up that if the money belonged to the plaintiff, he did not know it; that he and his agent, acting for him, took it as being the mother's money and supposed it to be hers; that the insurance policy was in the mother's name and that the attorney who paid it over held it for her. The court instructed the jury that before the plaintiff could recover, she would have to show two things:  (1) that the plaintiff paid the defendant the money, or caused some one else to pay it for her; and (2) that the defendant took it knowing that it was her money. This issue was fairly and squarely submitted to the jury, and they found in favor of the defendant. There is no evidence that the plaintiff herself paid over the money. We doubt very much that she showed any title to the money at all. If the plaintiff had herself made the payment to the defendant, he could not have set up that it was not her money. At most, the plaintiff had only an equitable interest in the money. There had been merely an agreement (probably an invalid agreement) that her mother might pay this money over to her as her part of her father's estate, but it had never been paid over. But conceding that the mother held it as trustee for her, it was only an implied, and not an express, trust, and the defendant, having taken the money from the mother without notice of the plaintiff's title, is to be protected. Even if the evidence did not demand the verdict, we have no hesitancy in saying that the finding of the jury was fully authorized, and that after carefully examining all the errors assigned in the record as to the rulings of the court, we find no reason for reversing the judgment.                              *Judgment affirmed.*